UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>  vs.<br><br>BRIAN JACKSON,<br><br>            Defendant. | CR. 20-50006-JLV<br><br>ORDER |
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>  vs.<br><br>TODD DEUTSCH,<br><br>            Defendant. | CR. 20-50137-01-JLV<br><br>ORDER |

The government filed a motion for joinder of the above-captioned cases. (CR. 20-50006, Docket 69; CR. 20-50137-01, Docket 100). Defendant Brian Jackson filed a response indicating he did not oppose joinder. (CR. 20-50006, Docket 70). Defendant Todd Deutsch filed an amended response opposing joinder. (CR. 20-50137-01, Docket 102).

On January 22, 2020, defendant Brian Jackson was charged in a single-count indictment with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(A). ("Jackson indictment"). (CR. 20-50006, Docket 1). The Jackson indictment charges the following time

period: "Beginning at a time unknown to the Grand Jury but no later than August 2019, and continuing to on or about the date of this Indictment . . . ." Id., Docket 1.

On October 22, 2020, defendants Todd Deutsch and Lisa Farrier-Fortner were charged in a single-count indictment with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(A). (CR. 20-50137, Docket 1) ("Deutsch indictment"). The Deutsch indictment charges the following time period: "Beginning at a time unknown to the Grand Jury but no later than on or about March 2018, and continuing to on or about the date of this Indictment . . . ." Id., Docket 1. Ms. Farrier-Fortner entered into a plea agreement with the government and pled guilty to the indictment. See CR. 20-50137-02, Dockets 93 & 96). Ms. Farrier-Fortner is awaiting sentencing and will not be discussed further in this order.

The government asserts joinder is proper under Fed. R. Crim. P. 8(b) and 13 because the defendants are alleged to be participants in the same drug conspiracy. (CR. 20-50137-01, Docket 100 at p. 2). The government submits the evidence will show Mr. Deutsch and Mr. Jackson "could have been charged in a single indictment. Initially, this was not done for strategic reasons, which are no longer relevant." Id. The government represents that several witnesses "link the defendants and will testify regarding each defendant." Id. The government contends "many of the witnesses are in Bureau of Prisons custody around the United States and a joint trial would allow those witnesses to be

2

brought to Rapid City one time, instead of twice, which would be less burdensome and more efficient." Id.  The government "anticipates calling approximately 14-20 witnesses, many of whom will testify about both [defendants]." Id. at p. 4.  The government argues:

> [T]he evidence will show that Deutsch and Jackson were involved closely in the conspiracy, oftentimes Deutsch would be seen at Jackson's home when law enforcement was conducting surveillance.  It is anticipated co-conspirators will testify as to statements made by [both defendants], which [will] be admissible against both defendants under FRE 801(d)(2)(3).

Id. at p. 5.  The government represents "[t]here is no evidence to indicate a potential issue under Bruton v. United States, 391 U.S. 123 (1968)." Id.

Mr. Deutsch opposes joinder.  (CR. 20-50137-01, Docket 102).  He argues the "discovery does not identify any joint activity between himself and Jackson.  Deutsch has no knowledge of any government witness that will testify against both him and Jackson." Id. at p. 1.  Mr. Deutsch contends his trial has been set for several months on a date agreed upon by both the defendant and the government.  Id. at p. 2.  Because the parties were not originally jointly indicted, Mr. Deutsch argues it is the government's burden "to show an absence of prejudice from the proposed joinder."[1]  Id.  Mr. Jackson submits the government fails to provide "any explanation for its decision to move for joinder

---

[1] Mr. Deutsch acknowledges had the defendants been jointly charged in a single indictment, it would have been his burden under Fed. R. Crim. P. 14 in seeking severance to show prejudice to him by an improper joinder.  (CR. 20-50137-01, Docket 102 at p. 2).

3

at this juncture" after agreeing to separate trials on specific dates as to each defendant. Id. at p. 3.

In response, the government contends that while it has only provided redacted discovery up to this time, the unredacted discovery "will connect [Mr. Deutsch] and Jackson together in this conspiracy." (Docket 104 at p. 3). According to the government, "three main witnesses . . . will provide the greatest amount of information at trial link[ing] the defendant and Jackson together in the conspiracy." Id. In addition, the government submits law enforcement surveillance and telephone records "show the two defendants in contact with each other." Id. Finally, the government argues "since the two have been indicted, the investigation . . . continued and more evidence has come forward linking the two together *after* indictment." Id. at p. 5 (emphasis in original).

Fed. R. Crim. P. 8 permits the joinder of defendants. That rule provides:

> Joinder of Defendants. The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Rule 13 similarly permits the court to conduct a joint trial of separate cases. "The court may order that separate cases be tried together as though brought in a single indictment . . . if all of the offenses and all of the defendants could have been joined in a single indictment . . . ." Fed. R. Crim. P. 13.

There is a clear preference for a joint trial of persons charged in a conspiracy.  United States v. Ruiz, 446 F.3d 762, 772 (8th Cir. 2006); see also United States v. Kime, 99 F.3d 870, 880 (8th Cir. 1996) ("Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts.  Rarely, if ever, will it be improper for co-conspirators to be tried together.") (citations and internal quotation marks omitted).

The court finds the inconvenience and expense of separate trials clearly outweigh any prejudice to Mr. Deutsch in joinder.  The only troubling factor is that the separate indictments charge different beginning dates for the commencement of the alleged conspiracy.  To rectify this conflict, the government should within **30 days** seek a superseding indictment jointly charging the defendants with a specific starting date of the alleged conspiracy.

**ORDER**

Based on the above analysis, it is hereby

ORDERED that the government's motions for joinder (CR. 20-50006, Docket 69; CR. 20-50137-01, Docket 100) are granted.

IT IS FURTHER ORDERED that the scheduling order (Docket 87) in CR. 20-50137-01 is vacated.

IT IS FURTHER ORDERED that CR. 20-50006 and 20-50137-01 are consolidated and all future pleadings shall be filed in CR. 20-50006.

IT IS FURTHER ORDERED that the scheduling order (Docket 68) in CR. 20-5006 is vacated and a new scheduling order will be issued.

IT IS FURTHER ORDERED that the consolidated caption in CR. 20-50006 shall identify the defendants in the following order: "Brian Jackson" and "Todd Deutsch."

Dated April 25, 2022.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                UNITED STATES DISTRICT JUDGE